## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

D'MARCO P. McCLATCHERY, #B87121, )
                                     )
                  **Plaintiff,** )
                                      )
vs.                                      )       **Case No. 14-cv-00090-JPG**
                                      )
RICK WATSON, MAJOR McLAUREN, )
CAPTAIN TRI CE, OFFICER WAGNER, )
and OFFICER T. MESEY,           )
                                        )
                **Defendants.** )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action against five officials at the St. Clair County, Illinois Jail ("Jail") pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was subjected to unconstitutional conditions of confinement at the Jail in 2013 (Doc. 1, pp. 5, 7). He now seeks compensatory and punitive damages (Doc. 1, p. 6).

**The Complaint**

According to the complaint, Plaintiff was "unjustly housed" in the Jail's gymnasium beginning in April 2013 (Doc. 1, p. 5). He was forced to sleep on a filthy floor. The toilet leaked "constantly," causing a foul odor. The sink was broken and "full of rodents, roaches, spiders and insects."

Plaintiff now sues Defendants Watson (sheriff), McLauren (major), Trice (captain), Wagner (correctional officer), and Mesey (correctional officer) for exposing him to these conditions (Doc. 1, p. 5). According to the complaint, Defendant Watson allegedly ignored Plaintiff's grievances regarding the conditions on May 13th, May 30th, and August 13th, 2013.

Defendant McLauren was "fully aware" of the conditions, yet failed to "answer [Plaintiff's] request for his assistance." Defendant Trice was also aware of the conditions, but denied Plaintiff's request "for a second of his time" to discuss the conditions. Finally, Defendant Wagner responded to Plaintiff's requests to repair the leaky toilet and broken sink by stating that he "didn't care." When Plaintiff asked Defendant Wagner for a grievance form, Defendant Wagner told Plaintiff that he did not carry the forms.

Plaintiff was transferred from the Jail's gymnasium to K-block on June 2, 2013 (Doc. 1, p. 7). This area of the Jail later housed convicted murderers, who were awaiting sentencing. Plaintiff, who faced 3-7 years for aggravated domestic battery, "felt that [his] life was in danger." When Plaintiff asked Defendants Mesey, Trice, and McLauren for a transfer to a different area of the Jail, his request was denied. Plaintiff filed a grievance regarding the same on August 13, 2013. When Defendant Mesey took the grievance, he stated, "[L]et's see how far this get[s]." Plaintiff never received a response. He now sues Defendants for failing to protect him from dangerous inmates.

## Merits Review Pursuant to 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2), the Court is required to carefully review a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Plaintiff now asserts claims against Defendants for subjecting him to unconstitutional conditions of confinement (**Count 1**) and for failing to protect him from dangerous inmates (**Count 2**). The applicable legal standard for these claims depends on Plaintiff's status as a pretrial detainee or inmate while he was housed at the Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, while the Eighth Amendment applies to claims of inmates. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010). However, Eighth Amendment and Fourteenth Amendment case law can be used interchangeably in this context. *Id.*

After fully considering the allegations in the complaint, the Court concludes that it states

a cognizable claim for unconstitutional conditions of confinement (**Count 1**) against Defendants McLauren, Trice, and Wagner, all of whom allegedly knew about the Jail gymnasium's unsanitary living conditions but refused to address the conditions (Doc. 1, p. 5).  However, no claim has been stated against Defendants Watson and Mesey.

Claims that relate to the conditions of confinement generally fall under the "cruel and unusual punishment" clause of the Eighth Amendment.  All Eighth Amendment claims have an objective and a subjective component.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Id*.  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).  Plaintiff's complaint states sufficient allegations to satisfy the objective component of an Eighth Amendment claim at this early stage in litigation.

However, the claim against Defendants Watson and Mesey fails on the subjective prong.  The subjective component requires that a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298.  In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  No allegations suggest that Defendant Mesey was aware of or exhibited deliberate indifference to Plaintiff's living conditions.  Although Plaintiff attempted to put

4

Defendant Watson on notice of the conditions by directing three grievances to him, the complaint does not suggest that Defendant Watson actually received the grievances. Further, Defendant Watson cannot be held liable for a violation of Plaintiff's constitutional rights merely because of his role as sheriff.  This is because the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *see Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).  Without more, Count 1 fails against Defendants Watson and Mesey.  However, Plaintiff shall be allowed to proceed with **Count 1** against Defendants McLauren, Trice, and Wagner.

The complaint does not state a failure to protect claim (**Count 2**) against Defendants. In support of this claim, Plaintiff alleges that he was housed with convicted murderers, who were awaiting sentencing (Doc. 1, p. 7).  Although Plaintiff feared for his life, the complaint does not allege that Plaintiff faced any specific threat of harm or actual harm.  In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889.  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to

prison officials about a *specific* threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  However, conduct that amounts to negligence or inadvertence is not enough to state a claim.  *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).  The complaint does not identify any specific threat of harm or actual harm suffered by Plaintiff at the hands of other prisoners.  It alleges only a fear of harm.  However, the Seventh Circuit has made it clear that the fear of harm, without more, is not enough to support a constitutional claim.  *See Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999); *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996).  Accordingly, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Finally, Plaintiff has filed a motion for service of process at government expense (Doc. 4), which shall be **GRANTED, in part,** as it relates to Defendants McLauren, Trice, and Wagner, and **DENIED, in part,** with respect to Defendants Watson and Mesey.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that Defendants **WATSON** and **MESEY** are **DISMISSED** without prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **McLAUREN,**

**TRICE,** and **WAGNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

> **IT IS SO ORDERED.**

> **DATED: February 18, 2014**

> *s/J. Phil Gilbert*
> United States District Judge